IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| WILSON M. NARANJO, ET AL. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-11-551 |
| | § | |
| BANK OF AMERICA, N.A. | § | |

## OPINION AND ORDER

Before the Court is the long-pending "Motion to Dismiss Plaintiffs' First Amended Complaint" of the sole remaining Defendant, Bank of American, N.A. (BOA). The Motion has been pending since March 26, 2012, while the Parties attempted to reach a settlement. According to BOA settlement efforts have been exhausted and the Motion is now "ripe" for a determination. Accordingly, this Court issues this Opinion and Order.

It will suffice to say that this case, like so many others filed within the last few years, involves an attempt by mortgagors in default to avoid foreclosure by accusations that the mortgagee improperly serviced the loan and reneged on loan handling and modification agreements. In the instant case, the Plaintiffs, Wilson M. Naranjo, Clemencia Naranjo, Jack W. Naranjo and Yolanda M. Naranjo, are asserting claims under the Texas Deceptive Trade Practices Act and for breach of contract, the Court will address the claims *seriatim*.

## DECEPTIVE TRADE PRACTICES ACT

Plaintiffs argue that they qualify as "consumers" under the DTPA, but this Court disagrees. While, as Plaintiffs point out, some Texas courts have recognized "services" to include things like servicing a checking account or a certificate of deposit, brokering a loan, failing to timely file a car title or closing documents, and misrepresenting insurance coverage, the case law

consistently rejects the notion that refinancing services fall within the coverage of the statute's definition. See e.g., Fix v. Flagstar Bank FSB, 242 S.W. 3d 147, 159-60 (Tex. App. -- Fort Worth, 2007)   Even services performed in monitoring and enforcing the loan, like purchasing a force-placed casualty insurance policy, Craig v. Americrest, 2005 WL 2921947 *3-4 (S.D. Tex.) (Plaintiff not a "consumer" under DTPA in dispute over hazard insurance requirements in Deed of Trust.), or handling and applying loan payments are merely incidental to the mortgage, not an objective of the transaction. Handsberger v. EMC Mortgage Corporation, 2009 WL 2264996 (Tex. App. -- San Antonio)   In the opinion of this Court, Plaintiffs do not qualify as consumers for purposes of the DTPA and they, therefore, lack standing to pursue such claims against BOA.

## BREACH OF CONTRACT

Plaintiffs allege that BOA breached their contract by purchasing an overpriced lender-placed wind insurance policy; by treating the insurance premiums as an escrow item rather than adding it to the loan principle; by charging them "other additional fees"; and by attempting to foreclose based upon an erroneous default calculation.

Plaintiffs' first two arguments are unpersuasive. The Deed of Trust specifically permitted BOA to, originally or during the term of the loan, require hazard insurance. This is what BOA did when, in a letter dated February 1, 2011, it notified the Plaintiffs it required a windstorm policy. If the Plaintiffs failed to purchase a policy the Deed of Trust also specifically allowed BOA to, at its option, purchase, at Plaintiffs' expense, a significantly more costly policy than Plaintiffs could have purchased. This is what BOA did when Plaintiffs failed to timely buy their own policy. The Deed of Trust also specifically allowed BOA to treat the insurance premium as an escrow item. This, too, is what BOA elected to do. Plaintiffs' attempts to apply "rules of construction" to avoid this string of consequences must fail because their arguments, if accepted,

would result in an unreasonable interpretation of the language of the Deed of Trust and a forfeiture of BOA's right to procure wind coverage for its collateral. Cf. <u>Rilley v. Rangers Management, Inc.</u>, 727 S.W. 2d 527, 530 (Tex. 1987) ("A court should construe contracts from a utilitarian standpoint bearing in mind the particular business activities sought to be served" and "will not declare a forfeiture unless (it is) compelled to do so by language that can be constructed in no other way.") Unfortunately, for Plaintiffs, these authorized actions by BOA increased Plaintiffs monthly payments from $2,635.00 to $3,421.78 and resulted in the Plaintiffs default by June 2011. As for Plaintiffs' reliance on any referenced oral or written agreements to add the premium to the loan principle, such reliance is barred by the statute of frauds.

Because BOA was authorized to do what it did concerning the windstorm insurance, it did not breach its contractual duties, at least not before Plaintiffs' defaulted. Therefore, it appears that an unraised impediment to their breach of contract claims exists. From a fair reading of Plaintiffs' Amended Complaint and briefing, it seems their complaints of other unidentified "additional fees" and threats of foreclosure occurred after their default. If so, they are precluded from asserting a breach of contract claim. It is fundamental contract law that a party who himself is in default on a contract may not maintain a suit for its breach. <u>Gas Pipeline Co. v. Nearen</u>, 138 S.W. 2d 1065, 135 Tex. 50 (Tex. 1940); <u>see</u> <u>also</u>, <u>Bernal v. Garrison</u>, 818 S.W. 2d 79, 83 (Tex. App. -- Corpus Christi, 1991)

Assuming, however, that Plaintiffs are not precluded from asserting these other breach of contract claims, they have provided no factual support for their conclusory allegations that unidentified "additional fees" were charged or that BOA's balance calculation was erroneous. Consequently, despite amendment of their complaint, they have not stated a plausible claim for

3

relief.  Cf.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right of relief above the speculative level . . . on the assumption that . . . the (relevant) allegations in the complaint were true.")

For the foregoing reasons, it is the **ORDER** of this Court that "Bank of America, N.A.'s Motion to Dismiss Plaintiffs' First Amended Complaint" (Instrument No. 19) is **GRANTED** and the First Amended Complaint (Instrument no. 9) of Plaintiffs, Wilson M. Naranjo, Clemencia Naranjo, Jack W. Naranjo and Yolanda M. Naranjo, is **DISMISSED**.

**DONE** at Galveston, Texas, this      14th      day of August, 2014.

John R. Froeschner
United States Magistrate Judge